UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALICIA Y. FREEMAN,

        **Plaintiff,**

v.                                                                                                      Case No: 6:19-cv-2172-EJK-

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**
_____/

**ORDER**

        Plaintiff brings this action pursuant to Title XVI of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 423, and 1382, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for children's supplemental security income ("SSI"). (Doc. 1.) The Court has reviewed the Joint Memorandum (Doc. 21) and the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, and the administrative record. (Docs. 12, 28-1.) The Court heard oral argument on January 6, 2021 (the "Hearing"). (Doc. 23.)

        On judicial review, a Court may determine only whether the ALJ correctly applied the legal standards and if the ALJ's findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)). A Court may "not reweigh the evidence or substitute [its] own judgment for that of the agency." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 683 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

The Eleventh Circuit defines "substantial evidence" as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766 (11th Cir. 2019) (citing *Lewis*, 125 F.3d at 1439). A Court determines whether substantial evidence exists by considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Lynch v. Astrue*, 358 F. App'x 83, 86 (11th Cir. 2009). "Even if the evidence preponderates against the [Commissioner's] findings, [the Court] must affirm if the [Commissioner's] decision is supported by substantial evidence. *Gibbs v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 799, 800 (11th Cir. 2017) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

Plaintiff raises two issues on appeal: (1) whether the ALJ properly weighed the medical opinions of record based on an adequate rationale and substantial evidence at each step of the sequential evaluation process (Doc. 21 at 10–17); and (2) whether the Appeals Council erred by not reviewing the opinion of treating neuropsychologist Dr. Whitney G. Legler "(Dr. Legler)", dated December 20, 2018, as not chronologically relevant (*Id.* at 22–26).

In regards to the first issue, Plaintiff specifically argues the ALJ's RFC findings were not supported by substantial evidence because: (1) the ALJ failed to consider the 17-year length of the treatment relationship and frequency of examinations by Dr. Legler in violation of 20 C.F.R. §404.1527(c)(2)(i); (2) she ignored the severe limitations in Dr. Legler's reports that conflicted with the reporting of the non-treating opinions and did not discuss any reasons for discounting them; and (3) she failed to assign any weight to Dr. Legler's opinions. (Doc. 21 at 10–17.) The Commissioner argues the failure to assign weight to Dr. Legler's opinions was harmless, as the ALJ "properly considered Dr. Legler's reports together with the other evidence in assessing Plaintiff's RFC." (*Id.* at 17–22.) The Commissioner also argues the ALJ's opinion was supported

by substantial evidence because she stated that Plaintiff exhibited improvements in attention, concentration, and memory functioning, and that Dr. Klein, the state agency medical consultant, reviewed Dr. Legler's records and the other evidence available and did not find any omitted limitations in the RFC. (Doc. 21 at 18–21.)

A "threshold" requirement of an ALJ's review of a treating physician's opinion is that the ALJ shall state with particularity the weight accorded to it. *See Sharfarz v. Bowen,* 825 F.2d 278, 279–80 (11th Cir. 1987); *Elam v. R.R. Ret. Bd.,* 921 F.2d 1210, 1215 (11th Cir. 1991). More weight is generally given to medical opinions from treating sources since these are likely to be:

> most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).

An ALJ may give a treating physician's opinion less than substantial or considerable weight if good cause is shown. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)). "Good cause exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his or her own medical records." *Id.* (citing W*inschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). An ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so may be reversible error. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Where an ALJ has failed to assign weight to a treating physician's opinion, reviewing courts have been "unconvinced" that substantial evidence (in the form of opinions of medical

doctors, benign medical findings, and Plaintiff's own statements), support the ALJ's findings because it "presupposes" the ALJ rejected a treating physician's opinions based on that same specific evidence without stating why the ALJ rejected the treater's opinions. *Short v. Comm'r, Soc. Sec. Admin.*, 581 F. App'x 754, 756 (11th Cir. 2014). As a result, remand is supported if the court does not know the basis for the rejection and cannot determine whether it is supported by substantial evidence. *Id.* While failure to assign any weight to a treating physician's opinion may result in reversible error, a decision that does not assign weight may be upheld if the failure is considered harmless. *Hanback v. Comm'r, Soc. Sec. Admin.*, 581 F. App'x 840, 841 (11th Cir. 2014) (holding "[e]ven if the ALJ erred by failing to state the definite weight he accorded that physician's opinion, the potential error was harmless"). Harmless error has been found where nothing evidences the failure to assign affected the ALJ's ultimate decision. *Id.*

In this instance, the Commissioner argues that the ALJ's failure to assign a weight to Dr. Legler's opinion was harmless because the ALJ "properly considered Dr. Legler's reports together with the other evidence in assessing Plaintiff's RFC, and substantial evidence supports the ALJ's RFC finding." (Doc. 21 at 21) (citing Tr. 17–19). The Commissioner contends that the ALJ's conclusion was supported by substantial evidence because: the ALJ made specific findings regarding Plaintiff's exhibited improvements in attention, concentration, and memory functioning; and because Dr. Klein, the state agency medical consultant, reviewed Dr. Legler's records and the other evidence available in September of 2016, and did not find that the RFC omitted any of Plaintiff's limitations. (Doc. 21 at 18) (citing Tr. 345–49, 424). This Court does not find the Commissioner's argument persuasive.

Here, Dr. Legler had first examined Plaintiff at age 3 and was in a unique position to have followed Plaintiff's entire childhood development (Tr. 487), but a discussion of Dr. Legler's

findings were largely omitted from the ALJ's decision. (Tr. 18.) The ALJ's specific discussion of Dr. Legler's opinion follows:

> [A] report from [Dr. Legler], in July of 2016 that diagnosed frontal lobe syndrome, major neurocognitive disorder due to traumatic brain injury without behavioral disturbances and generalized anxiety disorder. Dr. Legler noted the claimant was pleasant, cooperative, motivated and logical. She required repetition of instructions when they were presented orally. Her mood was good and there was no tactile sensory loss, or auditory/visual difficulties. Pediatric treatment records indicate a diagnosis of attention deficit hyperactivity disorder and report the claimant was doing fairly well in August of 2016 with routine medication management on Vyvanese and clonidine. The provider noted the claimant saw a deterioration in her academic achievement when she was not compliant with her medications indicating the efficacy of the medications at controlling her attention deficit hyperactivity disorder symptoms and improving her academic functioning with compliance….
>
> A report from a follow-up neuropsychological evaluation with Dr. Legler from November of 2017 notes some improvements on tasks of executive functioning, particularly involving dynamic problem solving. Dr. Legler identified impairment on tasks of verbal and visual memory and deficits in visual planning and organization with lack of insight making the claimant vulnerable in social settings.

(Tr. 18) (internal references omitted).

Notably, the ALJ did not discuss Dr. Legler's treatment history with Plaintiff or any of his more restrictive findings, including the same July 2016 report addressed by the ALJ, where Dr. Legler opined: "[c]onsideration needs to be given for post-high school plan and we need to address that in the near future. Considerations include some sort of benevolent employment setting…[and] [u]nfortunately, her frontal lobe deficits will interfere with her ability to make sound decisions and good judgement calls suggesting her mother should remain responsible for her care both behaviorally and financially." (Tr. 349.)   She also failed to discuss Dr. Legler's 2017 opinion where he noted Plaintiff's basic comprehension of command (the immediate follow through and

accurate completion of simple instructions) was found to be in the very poor range, and that Plaintiff has, "rather significant impairment on tasks of verbal and visual memory as well as deficits in visual planning and organization" which "marked a decline relative to previous test results." (Tr. 489.) Because the ALJ did not discuss the nature and extent of the treating relationship, any of Dr. Legler's more restrictive findings, or why Dr. Legler's specialized knowledge of Plaintiff was not accorded any weight, this Court would be left to guess whether she did so.

In light of the foregoing, the Court finds that the ALJ's failure to assign weight to Dr. Legler's opinions or to consider his history of treating the Plaintiff was not supported by substantial evidence and did not constitute harmless error. Remand is appropriate so that the ALJ may assign a weight to Dr. Legler's opinion, taking into account the limitations assessed by Dr. Legler and his treatment history with Plaintiff.

In her second issue, Plaintiff contends that she submitted new evidence comprised of a document titled, "Medical Opinion Re: Ability to do Work-Related Activities (Mental)" (the "Opinion")[1] authored by Dr. Legler on December 20, 2018, which was erroneously rejected from consideration by the Appeals Council. (Doc. 21 at 23.) The Appeals Council's basis for rejecting the Opinion was as follows:

> You submitted medical evidence, dated December 20, 2018 from Whitney Legler PsyD. (3 pages). The Administrative Law Judge decided your case through November 5, 2018. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 5, 2018.

---

[1] The Opinion was not submitted as part of the administrative record at Doc. 12 and instead was supplemented by the parties prior to the Hearing. (Doc. 28.)

(Tr. 2.) Plaintiff argues the Opinion was erroneously rejected due to the date it was signed, but should have been considered because it was applicable to the relevant time period of December 20, 2016 to December 20, 2018. (*Id.*)

The Appeals Council will review a claim if it receives additional evidence that is new, material, relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. § 404.970(a)(5); *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Additionally, the Appeals Council will only consider additional evidence if Plaintiff shows good cause for not informing the Appeals Council about it or not submitting evidence in a timely manner. 20 C.F.R. § 404.970(b). "[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015).

Plaintiff asserts that the Opinion satisfies all the requirements of § 404.970(a)(5). (Doc. 21 at 33–36.) The Commissioner agreed at the Hearing that the Opinion was chronologically relevant, but contended that the Opinion would not change the ALJ's decision because it was a "check the box form" with no additional explanation for its findings, and it would not be entitled to deference upon resubmission. (Doc. 21 at 27–28.)

First, the Commissioner may not present *post hoc* arguments that some rationale might have supported the ALJ's decision if the Opinion had been considered. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (declining to affirm a decision "simply because some [unstated] rationale might have supported the ALJ's conclusion."). Second, the Court disagrees with the Commissioner in that, while the Opinion is a "check box form," it could have changed the result of the administrative proceedings because Dr. Legler recommended more restrictive limitations in

the Opinion. Specifically, he opined that Plaintiff was "[u]nable to meet competitive standards" or had "[n]o useful ability to function" in all sixteen of the mental abilities and aptitudes needed to do unskilled work. (Doc. 28–1.) This includes an inability to: (1) Remember work-like procedures; (2) Understand and remember very short and simple instructions; (3) Carry out very short and simple instructions; (4) Maintain attention for two-hour segment; and (5) Maintain regular attendance and be punctual. (*Id.*) Dr. Legler also noted that Plaintiff had a "severe history of frontal lobe injury" and her impairments would cause her to be absent from work more than four days per month. *Id*.

Accordingly, the Appeals Council's refusal to consider the new evidence from Dr. Legler was an error of law. *Id.* Thus, the undersigned concludes that remand is appropriate so that the Commissioner can consider the new medical evidence.

Accordingly, it is hereby **ORDERED AND ADJUDED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with this Order.

2. The Clerk is **DIRECTED** to **ENTER** a judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on February 19, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties